DOCKET NO. 27458

| | | |
|---|---|---|
| OLD INDIAN TRICKS, LLC | § § § § | 35TH JUDICIAL DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | PARISH OF GRANT |
| BRIAN SPARKS, *et al* | § § § | STATE OF LOUISIANA |
| *Defendants.* | § § | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR INJUNCTIVE RELIEF AND DAMAGES AND APPLICATION FOR PRELIMINARY INJUNCTION

Plaintiff, **Old Indian Tricks, L.L.C.**, by and through its undersigned attorneys, files this Petition for Injunctive Relief and Damages; and Application for Preliminary Injunction, against Defendants, **Brian Sparks; Nelson Creek Outdoors, L.L.C.; Travis Lane White, Jr.;** and **Ty Book**; and states as follows:

### PARTIES

1. Old Indian Tricks is a Louisiana limited liability company domiciled in Grant Parish.

2. Mr. Sparks is an individual who, upon information and belief, resides in Green Lake County, Wisconsin at N350 County Road Q, Markesan, Wisconsin, 53946. He may be served there or wherever else he is found.

3. Nelson Creek Outdoors, L.L.C. is a Wisconsin limited liability company that, upon information and belief, shares Mr. Sparks' domicile and address. It may be served through Mr. Sparks, its registered agent for service of process.

**Exhibit - A**

4. Mr. White is an individual who, upon information and belief, resides in Jackson Parish at 701 Sam Head Road in Eros, Louisiana, 71238. He may be served there or wherever else he is found.

5. Mr. Book is an individual who, upon information and belief, resides in Catahoula Parish at 154 Hudson Lane, Jonesville, Louisiana 71343. He may be served there or wherever else he is found.

### I. NATURE OF THE CASE

6. Plaintiff seeks recovery of money damages, penalties, and injunctive relief arising from Defendants' violations of the Louisiana Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), LSA-R.S. 51:1401 et seq.; and violation of Louisiana law governing trademarks and trade names, LSA-R.S. 51:222 through 223.1, including infringement and injury to business reputation.

### II. JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over all causes of action asserted herein, as they uniformly arise out of activities by Defendants either occurring in Louisiana or intended to cause harm to Plaintiff in Louisiana.

8. The Court has jurisdiction *in personam* over all parties to this matter, including those of Defendants engaged in activities reasonably expected to result in their being subject to the personal jurisdiction of the courts of this state.

9. Venue is proper in this Court under LSA-C.C.Pr. Arts. 42(5), 73, and 74.

### III. STATEMENT OF RELIEF SOUGHT

10. Old Indian Tricks seeks monetary relief over $50,000 and injunctive relief to enforce its rights and prohibit future losses. Plaintiff demands a trial by jury on the issues so

triable.

## IV.   FACTUAL BACKGROUND

**A.   Prior Relationship between Plaintiff and Mr. Sparks**

11.   Plaintiff and Mr. Sparks' company, Nelson Creek Outdoors, each is in the business of developing, marketing, and selling *inter alia* products intended to attract game animals as an aid to hunters.

12.   Such attractants are an area of great interest to sportsmen, with a crowded field of products in which brand recognition, and hunting success associated with that recognition, is of significant value in competition.

13.   Until December 24, 2020, the parties co-existed peacefully, including Plaintiff paying Mr. Sparks to manufacture and package to Plaintiff's specifications Plaintiff's product "Cuzz's Cooter Juice" (hereinafter, the "Mark"), whose name is a trademark registered to Plaintiff with the Louisiana Secretary of State pursuant to LSA-R.S. 51:211 et seq.

14.   Cuzz's Cooter Juice is a highly-effective buck-deer attractant formulation.

15.   On December 24, 2020, Plaintiff's principal Dan DeWitt instructed Mr. Sparks in writing to cease using the name of Plaintiff, cease using the Mark, and further to refrain from employing, for his or Nelson Creek's benefit, content produced by or including Mr. DeWitt and any content featuring the Mark.

16.   Mr. Sparks' response to Mr. DeWitt's instruction on December 24, 2020 consisted of an obscenity.

**B.   Subsequent Activity by Defendants**

17.   Thereafter, Mr. Sparks has, and continues to, attempt to compete with Plaintiff in the attractants market with, among other things, a product defendants Mr. Sparks and Nelson

Creek call "Lucky 7 'The Juice' Dominant Buck Attractant."

18. Defendant Nelson Creek maintains to the present day at its website a "note" concerning its "The Juice" product that "[w]e did at one time bottle this ["The Juice"] as CUZZ'S COOTER JUICE for another company, but had to discontinue that relationship. They do not have the formula, they were only reselling it under their name. This is the original formula."[1]

19. Plaintiffs have no certain knowledge of, and are not interested in, what is in Defendant's "The Juice" bottles. What is in Cuzz's Cooter Juice bottles, on the other hand, is a trade secret to which Defendants have not been privy since at least December 24, 2020.

20. Nelson Creek's "note" appears to be an attempt at passing off its "The Juice" product as derived from Plaintiff's product, using Plaintiff's Mark, to compete by deception. The gist of Nelson Creek's claim is that Cuzz's Cooter Juice can only be bought from Nelson Creek – not from Plaintiff.

21. "The Juice" is Nelson Creek's attempt to replicate Plaintiff's product, with the outlandish claim that the "original" or real formulation of Cuzz's Cooter Juice can now only be obtained by buying Nelson Creek's product.

22. Nelson Creek and Mr. Sparks are attempting to misappropriate the goodwill in Plaintiff's Mark by claiming, falsely, that Plaintiff's own product cannot even be bought from Plaintiff, but only by buying a similarly-named product from Nelson Creek.

23. Defendant Nelson Creek extensively details its claim to Plaintiff's Mark and Plaintiff's product itself at a "news" item dated February 15, 2021 – less than two months after

---

[1] https://nelsoncreekoutdoors.com/products/synthetic-deer-scents/lucky-7-the-juice-dominant-buck-attractant/. Visited December 19, 2021.

Mr. Sparks was instructed to refrain from trading on goodwill in Plaintiff's Mark.[2] Nelson Creek there references Plaintiff's Mark **in bold print** in the course of touting its own product.

24. Defendants complement Nelson Creek's misappropriation of Plaintiff's Mark with false claims that Cuzz's Cooter Juice – but *not* Nelson Creek's "The Juice" – consists of wholesale deer urines and other commodity products, bought in bulk and repackaged.

25. These claims are false. Cuzz's Cooter Juice is a *proprietary* product that cannot be purchased wholesale.

26. Ironically, on September 1, 2021, Nelson Creek wrote on its website that "most of the ineffective synthetic deer urine on the market is from just a couple bulk manufacturers and rebottled by smaller companies under their label" but "Lucky 7 Scents are all original formulas." (Nelson Creek's "The Juice" is one of a line of "Lucky 7" products.)[3]

27. Nelson Creek's marketing seeks to set its products apart by citing "research," "chemistry," and "technology:" "We do the research the other guys aren't doing, and honestly, can't do. We get down and dirty into the chemistry of urine and glandular scents.... Our technology is cutting edge."

28. Most of Nelson Creek's attempts to appeal to consumers, in fact, appear to consist of claims that their products alone avoid bulk relabeling: "Aren't you sick of Big Brand deer scents that are nothing but ammonia water junk in a bottle? I was! I am an outdoorsman, an engineer and a chemist. I knew I could do better!"[4]

---

[2] https://nelsoncreekoutdoors.com/news/a-doe-cooter-scent-lucky-7-the-juice-dominant-buck-attractant/. Visited December 19, 2021.

[3] https://nelsoncreekoutdoors.com/news/synthetic-deer-scents-dirty-little-secret/. Visited December 19, 2021.

[4] https://www.facebook.com/nelsoncreekoutdoors. Visited December 19, 2021.

29. Mr. Sparks does, upon information and belief, buy commodity products from wholesale suppliers.

30. Mr. Sparks also does not appear despite his Facebook claim to be registered as a professional engineer in the state of Wisconsin. According to his LinkedIn page, Mr. Sparks' chemistry education consists of unspecified "coursework" without any degrees, certifications, or professional qualifications.[5]

31. Nevertheless, Mr. Sparks claims at Nelson Creek's Facebook page that he "gathered as much information as [he] could on deer urine, secretions and pheromones. [He] then poured [sic] over the data in the lab and started the formulation of scents that are high quality and extremely effective."[6]

32. Not content with extolling their own expertise and products, however, Mr. Sparks and Nelson Creek see the need to defame Plaintiffs' and misappropriate the latter's Mark and has attempted to induce others to do the same. Consequently, others have echoed false claims made by Mr. Sparks, such as Mr. White who posted on the Facebook group, Louisiana Area 2 Hunting, on or about July 21, 2021 that "I was reached out by a guy named Brian Sparks and the Lucky 7 company" and reposted the claims of Brian Sparks and Nelson Creek regarding "Cuzz's Cooter Juice" with his own admonition about Plaintiff's products stating "Do not use this fools product. He buys Lucky 7 deer urine and rebottles it and claims he did all the work. Now that he can't rebottle Lucky 7, he is now using Tingley's deer urine and rebottling. Dude is a scam and a liar."

33. In like fashion, Mr. Book, who on or about December 2, 2021 posted to the private-

---

[5] https://www.linkedin.com/in/brian-sparks-7b72742/details/education/. Visited December 19, 2021.

[6] https://www.facebook.com/nelsoncreekoutdoors. Visited December 19, 2021.

viewing Facebook group, Louisiana Area 2 Hunting, Mr. Sparks' and Nelson Creek's bulk-relabeling claims against Plaintiff. Another poster responded that Mr. Book "seem[s] obsessed with badmouthing" Plaintiff.

### V.   CAUSES OF ACTION

**A.   Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law**

34. Plaintiff hereby incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

35. Pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq., Plaintiff seeks damages against Mr. Sparks, Nelson Creek, and any other of Defendants engaged in for-profit misappropriation of Plaintiff's Mark and making false statements concerning Plaintiff's products, both of which constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. LSA-R.S. 51:1405.

36. As a result of Defendants' misappropriation, Plaintiff has been injured. In addition to injunctive relief as outlined below, Plaintiff seeks actual damages caused by and attorneys' fees incurred because of Defendants' misappropriation pursuant to LSA-R.S. 51:1409.

**B.   Trademark Infringement and Injury to Business Reputation**

37. Plaintiff hereby incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

38. Defendants' repeated use of Plaintiff's Mark "in connection with the sale, offering for sale, or advertising" of Nelson Creek products results in liability for trademark infringement under LSA-R.S. 51:222.

39. In addition to injunctive relief as outlined below, Plaintiff seeks profits and/or damages suffered by reason of Defendants' infringement and misappropriation of the former's Mark, LSA-R.S. 51:223.

40. Whether Mr. Book, Mr. White, or other individuals who have parroted Mr. Sparks' and Nelson Creek's claims are compensated for this activity is not clear. Even if they are not, "injury to business reputation... shall be ground for injunctive relief... in cases of unfair competition *notwithstanding the absence of competition* between the parties," LSA-R.S. 51:223.1 (emphasis added). Plaintiff is entitled to injunction not just against business competitors but against those, like Mr. Book and Mr. White, who injure the reputation of its Mark through false claims.

## VI. APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

41. Plaintiff hereby incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

42. Plaintiff also seeks a preliminary injunction and, at the conclusion of trial, a permanent injunction against Defendants. LSA-C.C.Pr. Art. 3601. As described more fully above, Defendants have engaged in unfair trade practices and violation of Louisiana's trademark protection regime by misappropriating Plaintiff's Mark, seeking to profit from its goodwill, and making false claims about the product offered in connection with it.

43. Should Defendants' conduct continue, Plaintiff will suffer imminent and irreparable harm. Defendant's wrongful actions are even now causing irreparable harm to Plaintiff and its business.

44. To obtain injunctive relief, "the applicant usually must establish that irreparable

injury, loss, or damage may result if the requested relief is not granted." *South Cent. Bell Tel. Co. v. La. Public Serv. Com.*, 555 So. 2d 1370, 1373 (La. 1990). "Preliminary injunctions may be entered prior to trial on the merits in order to protect the applicant from irreparable injury during the pendency of the action." *Id.* Such relief is clearly appropriate in this case.

45.   Plaintiff has adequately pleaded causes of action for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, trademark infringement, and injury to business reputation. And Plaintiff has also provided a prima facie showing that it will prevail on the merits of these causes of action. *See Sorrento Cos. v. Honeywell Int'l, Inc.*, 916 So. 2d 1156, 1164 (La. App. 1 Cir. 2004).

46.   Plaintiff requests that the Court set its application for preliminary injunction for hearing, and after hearing the application, issue a preliminary injunction against Defendants based on the foregoing information as well as any additional information or evidence as may be properly submitted to the Court for consideration.

47.   Plaintiff also asks the Court to set its request for a permanent injunction for a full trial, and after the trial, issue a permanent injunction against Defendants, restraining Defendants based on the foregoing information as well as any additional information or evidence as may be properly submitted to the Court for consideration.

48.   Issuance of a preliminary injunction requires that applicant furnish security fixed by the Court in an amount sufficient to indemnify persons wrongfully restrained. LSA-C.C.Pr. Art. 3610. Plaintiff respectfully submits that discovery to be conducted between the filing of its Petition and hearing on its application for preliminary injunction will demonstrate adequately to the Court what is sufficient security to permit injunctive relief.

## VII.   PRAYER

WHEREFORE, Plaintiff respectfully requests that, upon hearing, a preliminary injunction be issued prohibiting Defendants, and all persons in concert or participation with them, from using, misusing, misappropriating or defaming Plaintiff's Mark, and from making false claims concerning the product(s) offered in connection therewith. Plaintiff further requests that, upon final disposition of this matter, a permanent injunction against Defendants be issued, to the same effect as the preliminary injunction sought herein. Plaintiff further prays that upon the final disposition of this matter, it be awarded damages, its attorneys' fees, costs, expenses, interest, and such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted:

**Ryan M. Goudelocke**
CARAWAY LEBLANC
130 S. Audubon Blvd., Suite 105
Lafayette, LA 70503
*Mailing Address:*
3936 Bienville Street
New Orleans, Louisiana 70119
Telephone: (337) 345-1985
Facsimile: (337) 233-9095
Email: rgoudelocke@carawayleblanc.com

**Please withhold service at this time**

DOCKET NO. 21458

| | | |
|---|---|---|
| OLD INDIAN TRICKS, LLC | § | 35TH JUDICIAL DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | PARISH OF GRANT |
| v. | § | |
| | § | STATE OF LOUISIANA |
| BRIAN SPARKS, *et al* | § | |
| | § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |

## AFFIDAVIT OF DAN DeWITT

**STATE OF LOUISIANA**
**PARISH OF ~~GRANT~~** Rapides

**Before me**, undersigned Notary Public, came and appeared **Dan DeWitt**, who stated as follows:

1. I am a person of the age of majority, residing in Grant Parish, Louisiana.

2. I have reviewed that "Petition for Injunctive Relief and Damages and Application for Preliminary Injunction" (the "Petition") filed by Plaintiff in the above-captioned matter.

3. I am and have been since December 5, 2018 the Manager of Plaintiff, Old Indian Tricks, L.L.C.

4. To the best of my information and belief, the facts alleged in the Petition are true and correct.

And further, Affiant sayeth not.

_____
Dan DeWitt, Affiant

**Sworn to and subscribed** before me, this 20 day of December, ~~2022~~ 2021 at Alexandria, Louisiana.

_____
Notary Public

DOCKET NO. 8{}

| | | |
|---|---|---|
| OLD INDIAN TRJCKS, LLC | § § § § § § § § § § § § | 35TH JUDICIAL DISTRICT COURT |
| *Plaintiff,* | | |
| v. | | PARJSH OF GRANT |
| BRJAN SPARKS, *et al* | | STATE OF LOUISIANA |
| *Defendants.* | | JURY TRIAL DEMANDED |



*******************************************************************

### REQUEST FOR NOTICE OF TRIAL DATES, HEARINGS AND ORDERS

**To the Clerk of Court of Grant Parish:**

**Please take note** that Ryan Goudelocke, of the law firm CARAWAY LEBLANC, mailing address: 3936 Bienville Street, New Orleans, LA 70119, counsel for Old Indian Tricks, L.L.C., request written notice of the trial in the above-captioned matter as well as hearings (whether on the merits or otherwise), orders, judgments, interlocutory decrees and any and all formal steps taken by the parties herein, the judge or any member of the court, as provided in the Louisiana Code of Civil Procedure, particularly articles 1572, 1913 and 1914.

Respectfully submitted:

Ryan M. Goudelocke
CARAWAY LEBLANC
130 S. Audubon Blvd., Suite 105
Lafayette, LA 70503
*A!/ai/ing Address:*
3936 Bienville Street
New Orleans, Louisiana 70119
Telephone: (337) 345-1985
Facsimile: (337) 233-9095
Email: rgoudelocke@carawayleblanc.com

