c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OLD INDIAN TRICKS, L.L.C., Plaintiff | CIVIL ACTION NO. 1:22-CV-00212 |
| VERSUS | JUDGE DRELL |
| BRIAN SPARKS, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 8) filed by Plaintiff Old Indian Tricks, L.L.C. ("Old Indian"). Old Indian argues the Court lacks subject matter jurisdiction because the parties lack of diversity of citizenship. Defendants Brian Sparks ("Sparks") and Nelson Creek Outdoors, L.L.C. ("Nelson Creek") (collectively, "Defendants") oppose. ECF No. 14.

Because Defendants fail to establish diversity jurisdiction by a preponderance of the evidence, Old Indian's Motion to Remand (ECF No. 8) should be GRANTED.

I. **Background**

On December 29, 2021, Old Indian filed a Petition for Injunctive Relief and Damages in the Thirty-Fifth Judicial District Court, Grant Parish. ECF No. 1-1. Old Indian named Defendants, along with Travis Lane White, Jr. ("White") and Ty Book ("Book"). *Id.* at 1.

Old Indian seeks recovery of monetary damages, penalties, and injunctive relief for Defendants' alleged violations of the Louisiana Unfair Trade Practices and Consumer Protection Law (commonly referred to as the "Louisiana Unfair Trade

1

Practice Act" or "LUTPA"), La. R.S. 51:1401, *et seq.*, and for violation of Louisiana law governing trademarks and trade names under La. R.S. 51:222 through 223.1, including infringement, defamation, and injury to business reputation. *Id.* at 2.

Old Indian claims that both it and Spark's company Nelson Creek were in the business developing, marketing, and selling *"inter alia"* products intended to attract game animals as an aid to hunters. *Id.* at 3. Old Indian asserts that the companies "co-existed peacefully" until December 24, 2020. *Id.*

Old Indian paid Sparks to manufacture and package Old Indian's "Cuzz's Cooter Juice" (hereinafter, the "Mark"), whose name is a trademark registered to Old Indian with the Louisiana Secretary of State under La. R.S. 51:211, *et seq. Id.* Old Indian alleges the product is a highly effective buck deer attractant formulation. *Id.*

On December 24, 2020, Old Indian's principal, Dan DeWitt ("DeWitt"), instructed Sparks in writing to cease using the name of Old Indian, cease using the Mark, and to refrain from employing, for his or Nelson Creek's benefit, content produced by or including DeWitt and any content featuring the Mark. *Id.* Old Indian alleges Sparks responded with an obscenity. *Id.*

Old Indian claims Sparks competes with Old Indian in the attractants market with a product Defendants call "Lucky 7 'The Juice' Dominant Buck Attractant." *Id.* at 3-4. Nelson Creek's website contains a "note" stating : "We did at one time bottle this [The Juice] as Cuzz's Cooter Juice for another company, but had to discontinue that relationship. They do not have the formula, they were only reselling it under their name.  This is the original formula."

*Id.* at 4. Old Indian states that Old Indian's juice is a trade secret to which Defendants have not been privy since December 24, 2020. *Id.*

Old Indian further alleges Defendants falsely claim Old Indian's product can only be bought through Nelson Creek. *Id.* at 4-5. Nelson Creek details its claim to the Mark in their "news" on their site. *Id.* at 4-5. Old Indian asserts Defendants falsely claim that the Mark – but not "The Juice" – consists of wholesale deer urines and other commodity products bought in bulk and repackaged. *Id.* at 5. Old Indian claims the Mark is a proprietary product that cannot be purchased wholesale. *Id.*

On September 1, 2021, Nelson Creek claimed on its website that "Lucky 7 Scents are all original formulas." *Id.* Old Indian alleges Nelson Creek defamed them, misappropriated the Mark, and induced others to do the same. *Id.* At 6. On July 21, 2021, White posted to a private Facebook group Louisiana Area 2 Hunting that he was "reached out by a guy named Brian Sparks and the Lucky 7 company," and that White reposted Defendants' claims regarding the Mark. *Id.* White further stated Old Indian buys Lucky 7 and rebottles it and is a "scam and a liar." *Id.* On December 2, 2021, Book also posted Defendants "bulk-relabeling claims" against Old Indian to a private Facebook group called Louisiana Area 2 Hunting. *Id.* at 6- 7.

Old Indian asserts claims against Defendants for unfair trade practices under La. R.S. 51:1401, *et seq.*, and trademark infringement and injury to business reputation under La. R.S. 51:222-223. They assert claims for injunction relief against

Defendants, White, and Book for "injury to business reputation" through their false claims under La. R.S. 51:223.1 and La. Code Civ. P. art. 3601.

Defendants removed, asserting diversity jurisdiction. ECF No. 1 at 2-3. Defendants allege that White and Book had not been served at the time of removal,[1] that they are improperly joined, and that their citizenship should be disregarded for purposes of determining diversity of citizenship. *Id.* at 4.[2] Defendants argue they are completely diverse in citizenship from Old Indian,[3] and that the amount in controversy exceeds $75,000.[4] *Id.* at 4.

---

[1] Defendants state that because the in-state Defendants had not been served at the time of removal that their citizenship should be disregarded for determining diversity. ECF No. 1 at 3. However, Defendants cite no legal basis for this assertion, and they appear to conflate the issues. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, the United States Court of Appeals for the Fifth Circuit has "made clear that a removing defendant 'need not obtain the consent of a co-defendant that the removing party contends is improperly joined.'" *Mauldin v. Allstate Ins. Co.*, 757 Fed.Appx. 304, 309 (5th Cir. 2018), *cert. denied*, 18-1456, 2019 WL 4921383 (2019). However, White's and Book's non-diverse citizenship cannot be ignored simply because they were not yet served. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Rather, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* (citations omitted). Thus, the sole inquiry in determining subject matter jurisdiction is whether the non-diverse defendants were properly joined.

[2] Defendants do not allege in the Notice of Removal (ECF No. 1) specifically how White and Book are improperly joined.

[3] Defendants allege Old Indian is a limited liability company ("L.L.C.") domiciled in Grant Parish, Louisiana. ECF No. 1 at 3. Defendants allege Nelson Creek is a Wisconsin L.L.C. with its sole member domiciled in the State of Wisconsin, thus a citizen of Wisconsin. *Id.* Defendants further allege Sparks is also a resident and domiciliary of Wisconsin, thus a citizen of Wisconsin. *Id.*

[4] The parties do not dispute whether the jurisdictional threshold has been met. Thus, the only issue before the Court is whether the in-state Defendants are properly joined in determining complete diversity among the parties.

Now, Old Indian seeks remand. ECF No. 8.  White and Book are domiciled in Louisiana and that complete diversity is lacking. ECF No. 8 at 1.  Old Indian argues service had been requested upon White and Book at the time of removal, and that service inevitably defeats diversity jurisdiction.[5] ECF No. 8-1 at 4. Old Indian further argues their allegations sufficiently assert independent liability on White and Book as co-conspirators. *Id.*

Defendants oppose on the basis that Old Indian has no possibility of recovery against in-state Defendants White or Book. ECF No. 14. Defendants argue Old Indian fails to state a claim against White or Book for either conspiracy or under LUTPA. *Id.* at 6-14.

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

---

[5] Old Indian argues that White was served through the Sheriff's Office via domiciliary service on January 28, 2022. *Id.*

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397 (citations omitted). Here, the parties do not dispute that the amount-in-controversy requirement is met. They dispute the existence of complete diversity among the parties.

"The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez*, 364 Fed.Appx. at 65 (citation omitted) (emphasis in original); *see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners."

*See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

B. <u>Defendants bear the burden of establishing improper joinder.</u>

The issue before the Court is the alleged improper joinder of non-diverse Defendants White and Book. The doctrine of improper joinder is a narrow exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing 28 U.S.C. § 1441(b)). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.*

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Cuevas*, 648 F.3d at 249 (quoting *Smallwood*, 385 F.3d at 573). When, as here, the second method is at issue,[6]

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state

---

[6] Defendants do not allege actual fraud in the pleadings. *See* ECF No. 14 at 7.

7

> defendant was indeed improper, unless that showing compels the dismissal of all defendants.

*Cuevas*, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added). "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper . . . that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood*, 385 F.3d at 574-75; *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). A court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim but looks only for a possibility that the plaintiff might do so. *Guillory v. PPG Indust., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citations omitted). "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Smallwood*, 385 F.3d at 574.

### C. A Rule 12(b)(6)-type analysis is appropriate to determine whether Old Indian states a claim with a reasonable basis for recovery against non-diverse Defendants.

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. A court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573 (citations omitted).

However, merely pleading a viable state law claim does not mean that the joinder of the resident defendant is proper. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citations omitted). In the second setting for the "no reasonable basis" contest, then, the defendant may challenge the plaintiff's allegations and attempt to demonstrate by "summary-judgment-type" evidence that the plaintiff is unable to prove all the facts necessary to prevail. *International Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). "[A] court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.*; *see also Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.").

The Fifth Circuit cautions against piercing the pleadings, except in limited circumstances:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (citations omitted). Thus, the summary inquiry determines if there are "discrete and undisputed facts that would preclude recovery against the in-state defendant." *Id.* at 573-74 (citing as examples where "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as

9

alleged, or any other fact that easily can be disproved as not true"). A court may proceed beyond the pleadings to analyze "whether the defendant has demonstrated that there is no possibility of recovery." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citing *Smallwood*, 385 F.3d at 573)). Although a court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

In conducting an improper joinder analysis, a court must carefully distinguish an attack on the overall merits of the case from a showing that "sham defendants" were added solely to defeat diversity jurisdiction. *Smallwood,* 385 F.3d at 575. In most cases, a finding that a plaintiff would survive a Rule 12(b)(6) challenge is sufficient to compel remand. *Id.* At 573; *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).").

Here, no summary judgment-type evidence has been submitted by the parties, and a Rule 12(b)(6)-type analysis is appropriate. The Court need not pierce the pleadings to determine whether the complaint states a cognizable claim under state law against White and Book. *See Smallwood*, 385 F.3d at 573-74.[7]

---

[7] The parties dispute whether Louisiana's fact-pleading standard applies. The sufficiency of a plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal pleading standards. *See Int'l Energy*, 818 F.3d at 208. Regardless of the pleading standard, the Court examines whether a claim has been stated under Rule 12(b)(6).

10

### D. Defendants fail to establish that Old Indian has no reasonable basis of recovery against in-state Defendant White.

Old Indian seeks remand on the basis that White and Book were properly joined and that there is no complete diversity. ECF No. 8. The Court must ascertain whether Old Indian's claims against White and Book would survive a Rule 12(b)(6) challenge such that there is no improper joinder. *See Smallwood*, 385 F.3d at 573. Under Rule 12(b)(6), the Court must determine whether the "complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In applying this standard, the Court must "[accept] all well-pleaded facts as true and [view] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Here, it is undisputed that White's or Book's Louisiana citizenship would destroy diversity if joinder is proper. "In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007). Thus, the Court applies Louisiana substantive law in determining whether Old Indian states plausible claims against White or Book.

Old Indian argues that Defendants simply allege improper joinder without any support. ECF No. 8-1 at 4. Old Indian claims the allegations establish White and Book as co-conspirators with Defendants who are independently liable. *Id.*

11

Defendants assert that Old Indian's claims against White and Book for comments allegedly made on a private Facebook group are speculative and conclusory. ECF No. 14 at 6. Defendants contend Old Indian does not plausibly plead the existence of conspiracy, LUTPA claims, or trademark infringement claims. *Id.* Defendants argue Old Indian fails to allege the existence of a conspiracy under Louisiana Civil Code article 2324 against White or Book. *Id.* at 9-10. Defendants further argue Old Indian fails to state a claim against White or Book for individual liability under LUTPA or for trademark infringement. *Id.* at 11.

Old Indian replied, asserting Defendants induced White and Book in defaming Old Indian. ECF No. 15 at 5. Old Indian argues White echoed "false claims" made by Sparks. *Id.* And they assert Book made largely the same claims to the same group of hunters. *Id.* at 6. Old Indian contends their claims give rise to recovery for defamation or injury to business reputation. *Id.*

In their Notice of Removal, Defendants made a single statement that White and Book are improperly joined. ECF No. 1 at 4. However, the Notice contains no other allegations establishing improper joinder. Old Indian's allegations against White and Book consist of two paragraphs. ECF No. 1-1 at 6-7. Old Indian alleges Defendants defamed them, misappropriated the Mark, and "attempted to induce others to do the same." *Id.* at 6. Old Indian alleges "others have echoed false claims made by Mr. Sparks, such as Mr. White who posted on the Facebook group, Louisiana Area 2 Hunting[.]" *Id.* Old Indian alleges White posted that he "was reached out by a guy named Brian Sparks and the Lucky 7 company." *Id.* And Old Indian alleges

12

White "reposted the claims of Brian Sparks and Nelson Creek regarding 'Cuzz's Cooter Juice' with his own admonition about [Old Indian's] products." *Id.* Old Indian alleges White posted, "Do not use this fools[sic] product. He buys Lucky 7 deer urine and rebottles it and claims he did all the work. Now that he can't rebottle Lucky 7, he is now using Tingley's deer urine and rebottling. Dude is a scam and a liar." *Id.*

Old Indian further alleges that Book "posted to the private-viewing Facebook group, Louisiana Area 2 Hunting, Mr. Sparks' and Nelson Creek's bulk-relabeling claims" against them. *Id.* at 6-7. Another poster "responded that Mr. Book 'seem[s] obsessed with badmouthing' Plaintiff." *Id.* at 7. Old Indian alleges that whether Book or White were compensated or not, "injury to business reputation" is grounds for injunctive relief, including against Book and White for injury to the reputation of its Mark through false claims. *Id.* at 8.

A defamation claim under Louisiana law requires the following four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) resulting injury. *Sterling Auto. Grp. Inc. v. Ramayo*, 6:20-CV-00809, 2020 WL 7495302, at *4 (W.D. La. Dec. 18, 2020) (citing *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004)). "Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule." *Id.* (quoting *Costello*, 864 So. 2d at 139).

"Generally, a communication is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise exposes a person to contempt or ridicule." *Fitzgerald v. Tucker*, 737 So.2d 706, 716 (La. 1999). However, such a statement will not be actionable if it is "a pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts." *Bussie v. Lowenthal*, 535 So.2d 378, 381 (La. 1988). This is because, without an assertion of fact, the statement cannot be characterized as false – a necessary element for a defamation claim. *Id.*

Here, the Court cannot say Old Indian has no reasonable basis of recovery against White. Old Indian's allegations, taken as true, assert White expressed more than just an opinion of them to a third party. Rather, White's statement includes an express statement of underlying facts which may be actionable if it is defamatory and false. ECF No. 1-1 at 6-7. And Old Indian plausibly alleges the falsity of the claims concerning its product. *Id.* Further, White posted his statement on Facebook, thereby communicating his statement to a third person. *See Loston v. St. Mary Par. Sheriff's Office*, 6:16-CV-00964, 2019 WL 2619301, at *4 (W.D. La. June 26, 2019).

Old Indian further alleges that whether Book or White were compensated or not, "injury to business reputation" is grounds for injunctive relief, including against Book and White for injury to the reputation of its Mark through false claims. *Id.* at 8. "Statements that impugn a person's professional reputation are defamatory *per se*." *Lester v. Caddo Parish*, 2016 WL 6270767, at *8 (W.D. La. Oct. 26, 2016) (citing

14

*Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 2006)); *see also Dye v. IASIS Glenwood Reg'l Med. Ctr. LP*, 2018 WL 5660319, at *3 (W.D. La. Oct. 9, 2018), report and recommendation adopted, 3:18-CV-0981, 2018 WL 5660299 (W.D. La. Oct. 31, 2018) ("A statement that by its very nature tends to injure one's . . . professional reputation, even without considering extrinsic facts or surrounding circumstances, [is] considered defamatory per se."). Where a plaintiff shows publication of words that are defamatory *per se*, falsity, fault, and injury are presumed. *Dye*, 2018 WL 5660319, at *3; *Kennedy*, 935 So. 2d at 674; *see also Ioppolo v. Rumana*, 581 Fed.Appx. 321, 328 (5th Cir. 2014).

Further, Louisiana Civil Code article 2324 provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La. Civ. Code art. 2324(A). Civil "conspiracy by itself it not an actionable claim under Louisiana law." *Crutcher-Tufts Res., Inc. v. Tufts*, 2007-1556 (La. App. 4 Cir. 9/17/08); 992 So. 2d 1091, 1094. "The actionable element of a conspiracy claim is not the conspiracy itself but rather the tort that the conspirators agree to perpetrate and actually commit in whole or in part." *Prime Ins. Co. v. Imperial Fire & Cas. Ins. Co.*, 2014-0323 (La. App. 4 Cir. 10/1/14); 151 So. 3d 670, 676. "Civil conspiracy is not a substantive tort in Louisiana; the concept is relevant only to the distribution of quantum after liability is determined." *New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 2009-1433 (La. App. 4 Cir. 5/26/10); 40 So. 3d 394, 408.

To prove a conspiracy, a plaintiff must establish that: (1) there was an agreement to commit an illegal or tortious act; (2) the act was actually committed; (3) the act resulted in the plaintiff's injury; and (4) there was an agreement as to the intended outcome or result. *Jeff Mercer, LLC v. State through Dep't of Transp. & Dev.*, 51,371 (La. App. 2 Cir. 6/7/17); 222 So. 3d 1017, 1024. "[T]o recover under this theory of liability, a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury." *Butz v. Lynch*, 710 So.2d 1171, 1174 (La.App. 1 Cir. 4/08/98), *writ den'd* 721 So.2d 473 (1998) (citing *Silver v. Nelson*, 610 F.Supp. 505, 516-17 (E.D. La. 1985)). "The plaintiff must therefore prove an unlawful act and assistance or encouragement that amounts to a conspiracy." *Chrysler Credit Corp.*, 51 F.3d at 557. "This assistance or encouragement must be of such quality and character that a jury would be permitted to infer from it an underlying agreement and act that is the essence of the conspiracy." *Id.*

Here, Old Indian asserts White and Book conspired with Defendants to commit defamation or injury to business reputation. Old Indian alleges Defendants attempted to induce others to defame them and misappropriate their Mark by reaching out to White who then echoed Defendants' false claims in a publication on Facebook. ECF No. 1-1 at 6.

Construing all factual allegations in favor of Old Indian, Old Indian alleges at least one plausible claim of defamation which presents a reasonable basis of recovery against White, a nondiverse Defendant. Thus, Defendants fail to establish improper joinder. And contested issues of fact and any ambiguities in state law must be

16

resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281 (5th Cir.2007). Absent improper joinder, the parties are not diverse, and the Court lacks subject matter jurisdiction.

## III. Conclusion

Because Defendants fail to establish diversity jurisdiction by a preponderance of the evidence;

IT IS RECOMMENDED that the Old Indian's Motion to Remand (ECF No. 8) be GRANTED for lack of diversity jurisdiction, and this case be REMANDED to the Thirty-Fifth Judicial District Court, Grant Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party

17

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_\_6th\_\_ day of August 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE